THIS IS NOT AN OFFICIAL ATTORNEY GENERAL OPINION AND IT REPRESENTS THE OPINION OF THE UNDERSIGNED ATTORNEY. YOU RECENTLY REQUESTED AN INFORMAL OPINION CONCERNING THE FOLLOWING QUESTION:
 1. IS THERE AUTHORITY ALLOWING A BONDSMAN TO REGISTER IN MORE THAN ONE COUNTY?
 2. IS IT THE RESPONSIBILITY OF A DISTRICT COURT CLERK TO DETERMINE THE COUNTIES IN WHICH A BONDSMAN IS REGISTERED?
 3. ARE THE DISTRICT COURT CLERKS AND THE SHERIFFS RESPONSIBLE FOR NOT REGISTERING A BONDSMAN THAT:
A) IS REGISTERED IN ANOTHER COUNTY?
 B) DOES NOT HAVE AN OFFICE IN THE COUNTY? C) DOES NOT RESIDE IN THE COUNTY?
 4. IF THE DISTRICT COURT CLERK AND THE SHERIFF ARE RESPONSIBLE FOR DUTIES IN NUMBER 3 ABOVE, WHAT ARE THE PENALTIES OR LIABILITY FOR FAILURE TO PERFORM THOSE DUTIES?
 5. WHAT PENALTY OR LIABILITY COULD BE INCURRED BY A LICENSED BONDSMAN IF THAT PERSON HAS VIOLATED THE ABOVE?
 6. WHAT IS THE EFFECT IF A BONDSMAN NOTIFIES THE DISTRICT COURT CLERK OF INTENTIONS TO WRITE BONDS IN A COUNTY, THEN FILES A CERTIFIED COPY OF HIS LICENSE, AND PAYS THE STATUTORY FEE, AS PER SECTION 59 O.S. 1320(B) OF TITLE 59?
 7. 59 O.S. 1320(A) (1992) MANDATES THAT THE DISTRICT COURT CLERK SHALL PROVIDE THE JUDGES AND LAW ENFORCEMENT OFFICERS WITH A LIST OF BONDSMEN PERMITTED TO WRITE SURETY IN THE COUNTY. WHO CAN AND SHOULD BE INCLUDED ON THAT LIST?
YOUR FIRST QUESTION ASKS UNDER WHAT AUTHORITY A BAIL BONDSMAN MAY REGISTER IN MORE THAN ONE COUNTY. TITLE 59 O.S. 1320 (1992) READS AS FOLLOWS:
 "A. NO BAIL BONDSMAN SHALL BECOME A SURETY ON AN UNDERTAKING UNLESS HE HAS FIRST REGISTERED HIS LICENSE IN THE OFFICE OF THE SHERIFF AND THE CLERK OF THE DISTRICT COURT IN THE COUNTY IN WHICH THE BONDSMAN RESIDES OR OFFICES, BUT NOT BOTH. IN THE COUNTY IN WHICH A BONDSMAN REGISTERS HIS LICENSE, HE SHALL PROVIDE THE COURT CLERK WITH PROOF THAT HE IS A RESIDENT OF SAID COUNTY OR THAT HE OFFICES IN SAID COUNTY. THE COURT CLERK OF THE COUNTY SHALL PROVIDE A LIST OF BONDSMEN PERMITTED TO WRITE SURETY IN THAT COUNTY TO THE JUDGES AND LAW ENFORCEMENT OFFICES OF THAT COUNTY. IN ANY COUNTY NOT HAVING A LICENSED BONDSMAN AUTHORIZED TO DO BUSINESS WITHIN SAID COUNTY, THE COURT HAVING JURISDICTION SHALL ALLOW AND FIX BAIL."
A SURETY BONDSMAN SHALL ALSO FILE A CERTIFIED COPY OF HIS APPOINTMENT BY POWER OF ATTORNEY FROM THE INSURER WHICH HE REPRESENTS AS AGENT WITH EACH OF SAID OFFICERS. A FEE OF TEN DOLLARS ($10.00) SHALL BE PAID TO THE DISTRICT COURT CLERK FOR EACH COUNTY IN WHICH THE BAIL BONDSMAN REGISTERS HIS LICENSE. THE FEE SHALL BE PAYABLE ANNUALLY BY THE DATE OF LICENSE RENEWAL. THE CLERK OF THE DISTRICT COURT AND THE SHERIFF SHALL NOT PERMIT THE REGISTRATION OF A BAIL BONDSMAN UNLESS SUCH BONDSMAN IS CURRENTLY LICENSED BY THE INSURANCE COMMISSIONER UNDER THE PROVISIONS OF SECTION 1301 ET SEQ. OF THIS TITLE.
"B. NOTWITHSTANDING THE FOREGOING PROVISIONS OF THIS SECTION, A BONDSMAN MAY WRITE BONDS ON NO MORE THAN TEN DEFENDANTS PER YEAR IN EACH OF THE REMAINING SEVENTY-SIX COUNTIES OF THIS STATE IN WHICH THE BONDSMAN CANNOT REGISTER HIS LICENSE. PROVIDED, HOWEVER, A BONDSMAN SHALL NOT BE LIMITED TO WRITING BONDS ON ONLY TEN DEFENDANTS PER YEAR IN A COUNTY WHICH DOES NOT HAVE A LICENSED BONDSMAN REGISTERED IN SAID COUNTY. THE BONDSMAN SHALL ADVISE THE COURT CLERK OF EACH SUCH COUNTY IN WRITING OF HIS INTENTION TO WRITE BONDS IN THE COUNTY AND SHALL FILE A CERTIFIED COPY OF HIS LICENSE WITH AND PAY A FEE OF TEN DOLLARS ($10.00) TO EACH SUCH COURT CLERK."
(EMPHASIS ADDED.)
"THE CARDINAL RULE FOR CONSTRUCTION OF A STATUTE OR ORDINANCE, TO WHICH ALL OTHER RULES ARE SUBORDINATE, IS TO ASCERTAIN THE INTENT OF THE LEGISLATIVE BODY, WHICH SHOULD ORDINARILY BE DONE BY CONSIDERATION OF THE LANGUAGE OF THE STATUTE OR ORDINANCE AS A WHOLE IN LIGHT OF ITS GENERAL PURPOSE AND OBJECT." OKLAHOMA JOURNAL PUB. CO. V. THE CITY OF OKLAHOMA CITY, 620 P.2D. 420 (OKLA.APP.1979). "IN CONSTRUING STATUTES, HARMONY, NOT CONFUSION, IS TO BE SOUGHT, AND WHEN PARTS OF AN ACT ARE REASONABLY SUSCEPTIBLE OF A CONSTRUCTION WHICH WILL GIVE EFFECT TO BOTH AND TO WORDS OF EACH, WITHOUT VIOLENCE TO EITHER, SUCH CONSTRUCTION SHOULD BE ADOPTED IN PREFERENCE TO ONE WHICH, THOUGH REASONABLE, LEADS TO A CONCLUSION THAT THERE IS A CONFLICT." INDEPENDENT SCHOOL DISTRICT NO. 89 OF OKLAHOMA COUNTY V. OKLAHOMA CITY FEDERATION OF TEACHERS, 612 P.2D. 7, 19 (OKLA.1980).
WHEN REVIEWED AS A WHOLE, IT IS CLEAR THAT THE LEGISLATURE INTENDED, IN 1320, TO LIMIT THE NUMBER OF COUNTIES IN WHICH A BONDSMAN MAY WRITE AN UNLIMITED AMOUNT OF BONDS. THE TERM "REGISTER" AS USED IN PARAGRAPH 1 OF 59 O.S. 1320(A) AND 59 O.S. 1320(B) LIMITS A BONDSMAN TO ONE COUNTY IN WHICH HE MAY WRITE UNLIMITED BONDS. THE FIRST PARAGRAPH OF 59 O.S. 1320(A) PROVIDES THAT A BONDSMAN CAN REGISTER WHERE HE RESIDES OR OFFICES, BUT NOT BOTH. SECTION 1320(B) STATES THAT "NOTWITHSTANDING THE FOREGOING PROVISIONS OF THIS SECTION A BONDSMAN MAY WRITE BONDS ON NO MORE THAN TEN DEFENDANTS PER YEAR IN EACH OF THE REMAINING 76 COUNTIES OF THIS STATE WHICH THE BONDSMAN CANNOT REGISTER HIS LICENSE." THIS INDICATES THAT THE BONDSMAN CAN ONLY BE "REGISTERED" WITHOUT LIMITATIONS IN ONE COUNTY, THAT BEING THE COUNTY IN WHICH HE OFFICES OR RESIDES BUT NOT BOTH.
WHILE THE TERM REGISTER IS USED IN THE SECOND PARAGRAPH OF 1320(A), IT CARRIES WITH IT A DIFFERENT MEANING FROM THAT USED IN THE FIRST PARAGRAPH. UNDER THIS PROVISION, THE BONDSMAN MAY PAY A FEE OF $10.00 AND FILE A CERTIFIED COPY OF HIS LICENSE IN ANY ONE OF THE REMAINING SEVENTY-SIX COUNTIES IN WHICH HE CANNOT REGISTER HIS LICENSE. THIS, IN TURN, ALLOWS A BONDSMAN TO WRITE BONDS ON NO MORE THAN TEN DEFENDANTS PER YEAR IN THAT COUNTY. THIS REQUIREMENT IS CLEARLY DISTINGUISHABLE FROM THE ACT OF REGISTERING A LICENSE IN WHICH THE BONDSMAN, IN ADDITION TO FILING HIS LICENSE, MUST ALSO FILE PROOF OF RESIDENCY OR PROOF THAT HE IS OFFICING IN THE COUNTY. ONCE REGISTERED IN A COUNTY, A BONDSMAN CAN WRITE AN UNLIMITED NUMBER OF BONDS.
THEREFORE, IN ANSWER TO YOUR FIRST QUESTION, A BONDSMAN MAY ONLY REGISTER HIS LICENSE IN ONE COUNTY. HOWEVER, A BONDSMAN, BY FILING A CERTIFIED COPY OF HIS LICENSE IN ANY OTHER COUNTY, EXCEPT THE COUNTY IN WHICH HE IS REGISTERED, CAN WRITE BONDS ON UP TO TEN DEFENDANTS IN THAT COUNTY. THE ONLY EXCEPTION TO THE TEN DEFENDANT LIMITATION IS WHEN A COUNTY DOES NOT HAVE A LICENSED BONDSMAN REGISTERED IN THAT COUNTY.
YOUR SECOND QUESTION ASKS WHETHER IT IS THE DISTRICT COURT CLERK'S RESPONSIBILITY TO DETERMINE THE COUNTIES IN WHICH A BONDSMAN IS REGISTERED. AS PREVIOUSLY DISCUSSED, 59 O.S. 1320(A) SPECIFIES THAT A BONDSMAN MAY ONLY REGISTER HIS LICENSE IN ONE COUNTY. SECTION 59 O.S. 1320(A), HOWEVER, PLACES THE DUTY ON THE BONDSMAN TO DETERMINE WHICH COUNTY HE WISHES TO REGISTER HIS LICENSE, PROVIDED, HOWEVER, HE MUST EITHER "RESIDE" OR "OFFICE" IN THAT COUNTY. THESE ARE NOT DECISIONS LEFT TO THE DISCRETION OF THE DISTRICT COURT CLERKS, BUT MUST BE MADE BY THE BONDSMAN HIMSELF. ACCORDINGLY, IT IS NOT THE RESPONSIBILITY OF THE DISTRICT COURT CLERK'S OFFICE TO DETERMINE IN WHICH COUNTY A BONDSMAN IS REGISTERED.
YOUR THIRD QUESTION ASKS WHETHER IT IS THE DUTY OF THE DISTRICT COURT CLERK AND/OR SHERIFF TO REFUSE A BONDSMAN'S REQUEST FOR REGISTRATION IF THE BONDSMAN IS REGISTERED IN ANOTHER COUNTY, OFFICES IN ANOTHER COUNTY, OR RESIDES IN ANOTHER COUNTY. THE CONTROLLING STATUTE IS 59 O.S. 1320(A) (1992). THE LANGUAGE OF THIS STATUTE IS CLEAR THAT THE BONDSMAN HAS THE DUTY TO PROVIDE PROOF TO THE DISTRICT COURT CLERK THAT HE EITHER RESIDES OR OFFICES IN A COUNTY IF THE BONDSMAN IS ATTEMPTING TO REGISTER HIS LICENSE IN THAT COUNTY. OF COURSE, IF THERE IS A QUESTION ABOUT THE VERACITY OF THE BONDSMAN, THE DISTRICT COURT CLERK MAY REQUEST FURTHER PROOF. HOWEVER, THERE IS NO STATUTORY DUTY PLACED ON THE COURT CLERKS TO DETERMINE WHETHER A BONDSMAN HAS EITHER REGISTERED IN A COUNTY OR FILED A CERTIFIED COPY OF HIS LICENSE IN ONE OF THE REMAINING SEVENTY-SIX (76) COUNTIES IN WHICH HE CANNOT REGISTER.
IF THE SHERIFF OR DISTRICT COURT CLERK DISCOVERS THAT A BONDSMAN HAS REGISTERED HIS LICENSE IN MORE THAN ONE COUNTY, SUCH DISTRICT COURT CLERK OR SHERIFF MAY REPORT IT TO THE OKLAHOMA INSURANCE DEPARTMENT, THE AGENCY CHARGED WITH THE DUTY OF OVERSEEING THE BAIL BOND INDUSTRY. UNDER THAT AGENCY'S STATUTORY FRAMEWORK, ADMINISTRATIVE PENALTIES MAY BE IMPOSED ON THE BONDSMAN FOR VIOLATING THE PROVISIONS OF THE BAIL BOND CODE.
YOUR FIFTH QUESTION ASKS WHAT PENALTY AND LIABILITY COULD BE INCURRED BY A LICENSED BONDSMAN IF THE BONDSMAN EITHER ATTEMPTS OR ACTUALLY REGISTERS HIS LICENSE IN MORE THAN ONE COUNTY. TITLE 59 O.S. 1310(A)(2) (1991) GRANTS TO THE INSURANCE COMMISSIONER THE AUTHORITY TO DENY, CENSURE, SUSPEND, REVOKE OR REFUSE TO ISSUE A BAIL BONDSMAN'S LICENSE FOR VIOLATING THE LAWS OF THIS STATE.
SINCE 59 O.S. 1320(A) PROVIDES THAT A BONDSMAN MAY ONLY REGISTER HIS LICENSE IN ONE COUNTY, A BONDSMAN WHO VIOLATES THIS PROVISION BY REGISTERING HIS LICENSE IN MORE THAN ONE COUNTY WOULD BE SUBJECT TO ONE OF THE ABOVE-REFERENCED ADMINISTRATIVE PENALTIES. IN ADDITION, 59 O.S. 1310(B) GRANTS TO THE INSURANCE COMMISSION THE AUTHORITY TO FINE A BONDSMAN UP TO ONE THOUSAND DOLLARS ($1,000.00) PER OCCURRENCE. THEREFORE, A BONDSMAN WHO EITHER ATTEMPTS OR ACTUALLY REGISTERS HIS LICENSE IN MORE THAN ONE COUNTY IS SUBJECT TO BEING FINED OR HAVING HIS LICENSE SUSPENDED OR REVOKED.
YOUR SIXTH QUESTION ASKS THE EFFECT IF A BAIL BONDSMAN NOTIFIES THE DISTRICT COURT CLERK OF INTENTIONS TO WRITE BONDS IN THAT COUNTY. SECTION 1320(B) PROVIDES THAT A BAIL BONDSMAN CAN WRITE BONDS ON UP TO TEN DEFENDANTS ANNUALLY IN ALL COUNTIES IN WHICH HE IS NOT REGISTERED, PROVIDED HE ADVISES THE DISTRICT COURT CLERK IN EACH SUCH COUNTY, IN WRITING, OF HIS INTENT TO WRITE BONDS THEREIN, FILES A CERTIFIED COPY OF HIS LICENSE AND PAYS A TEN DOLLAR ($10.00) FEE. IF THE BAIL BONDSMAN SATISFIES THESE THREE REQUIREMENTS, HE MAY WRITE BONDS ON TEN DEFENDANTS ANNUALLY IN THAT COUNTY.
YOUR SEVENTH QUESTION ASKS WHO SHOULD BE INCLUDED IN THE LIST OF BONDSMEN THAT 59 O.S. 1320(A) REQUIRES A DISTRICT COURT CLERK TO SEND TO JUDGES. SECTION 1320(A) PROVIDES IN PERTINENT PART:
 "THE COURT CLERK OF THE COUNTY SHALL PROVIDE A LIST OF BONDSMEN PERMITTED TO WRITE SURETY IN THAT COUNTY TO JUDGES AND LAW ENFORCEMENT OFFICES OF THAT COUNTY."
WHEN THE LEGISLATURE'S INTENT IS CLEAR AND UNAMBIGUOUS, RESORTING TO INTERPRETATION IS UNNECESSARY. CAVE SPRINGS PUBLIC SCHOOL DISTRICT 1-30 OF ADAIR V. BLAIR, 613 P.2D 1046 (OKLA.1980). IN THIS INSTANCE, THE STATUTORY LANGUAGE IS CLEAR THAT ALL BONDSMEN AUTHORIZED TO WRITE BAIL IN A COUNTY SHALL BE INCLUDED IN THE LIST. THIS, OF COURSE, WOULD INCLUDE BOTH REGISTERED BONDSMEN AS WELL AS BONDSMEN WHO HAVE COMPLIED WITH THE REQUIREMENTS OF 59 O.S. 1320(B), EXCEPT, HOWEVER, THAT 1320(B) BONDSMEN WOULD BE LIMITED TO WRITING BONDS ON ONLY TEN DEFENDANTS PER YEAR IN THAT COUNTY UNLESS THE COUNTY DID NOT HAVE A LICENSED BONDSMAN REGISTERED IN THAT COUNTY.
(JOSEPH L. MCCORMICK)